883 F.2d 1029
 280 U.S.App.D.C. 85
 GENERAL AMERICAN TRANSPORTATION CORPORATION, et al., Petitioners,
v.
INTERSTATE COMMERCE COMMISSION, United States of America, Respondents,
Lo Shippers Action Committee, Baltimore and Ohio Chicago
Terminal Railroad Co., U.S. Clay Producers Traffic
Association, Inc., Association of American Railroads,
Chemical Manufacturers Association, Intervenors.
RAILWAY PROGRESS INSTITUTE COMMITTEE ON TANK CARS, Petitioners,
v.
INTERSTATE COMMERCE COMMISSION and United States of America,
Respondents,
Association of American Railroads, Baltimore and Ohio
Chicago Terminal Railroad Co., et al., Chemical
Manufacturers Association, MBF
Industries, Inc., Intervenors.
RAILWAY PROGRESS INSTITUTE COMMITTEE ON TANK CARS, et al., Petitioners,
v.
INTERSTATE COMMERCE COMMISSION and United States of America,
Respondents,
Association of American Railroads, Baltimore and Ohio
Chicago Terminal Railroad Co., et al., Intervenors.
 Nos. 87-1125, 87-1171 and 88-1284.
 United States Court of Appeals, District of Columbia Circuit.
 June 30, 1989.
Suggestion for Rehearing En Banc
Denied June 30, 1989.
 
 ON PETITION FOR REHEARING OF PETITIONERS AND INTERVENORS
 Before SILBERMAN, WILLIAMS and SENTELLE, Circuit Judges.ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the petition for rehearing of petitioners and intervenors, filed May 26, 1989, it is
 
 
 2
 ORDERED, by the Court, that the petition is denied.
 
 
 3
 SILBERMAN, Circuit Judge, joined by WILLIAMS and SENTELLE, Circuit Judges, concurring in the denial of rehearing.
 
 
 4
 Petitioners' primary claim in its petition for rehearing is that Indiana Harbor II was a rulemaking, unsuitable for retroactive application, because the Interstate Commerce Commission determined to seek industry comment on the issues framed by the parties to the adjudication. We rejected petitioners' argument, however, that the mere supplementation of an adjudicatory proceeding with comment procedures more commonly employed in a rulemaking necessarily means that the resulting procedure is rulemaking per se. Nothing in the Administrative Procedure Act restrains an agency from receiving (and crediting) comments in adjudicatory proceedings from nonparties who will inevitably be affected by the agency's contemplated change-in-course, whether through intervention or otherwise. See Robinson, The Making of Administrative Policy: Another Look at Rulemaking and Adjudication and Administrative Procedure Reform, 118 U.PA.L.REV. 485, 536 (1970) ("the prescription of an adjudicatory hearing does not preclude an agency from allowing widespread industry and public participation through intervention and preservation of testimony in written affidavits"); Shapiro, The Choice of Rulemaking or Adjudication in the Development of Administrative Policy, 78 HARV.L.REV. 921, 931 (1965) ("even in the course of adjudicatory proceedings, agencies are not powerless to permit general comment on proposed rules if they wish to do so").[1] Indeed, the courts and commentators that have suggested the inappropriateness of adjudicatory proceedings for certain matters have focused their attention on the unfairness of declining to give nonparties notice and an opportunity to be heard in advance of the agency's selection of a new or altered governing principle. See, e.g., Bell Aerospace Co. v. NLRB, 475 F.2d 485, 494-97 (2d Cir.1973), rev'd, 416 U.S. 267, 94 S.Ct. 1757, 40 L.Ed.2d 134 (1974); 2 K. DAVIS, ADMIN. L. TREATISE 96, 125-26 (1979); cf. NLRB v. Wyman-Gordon Co., 394 U.S. 759, 764, 89 S.Ct. 1426, 1428, 22 L.Ed.2d 709 (opinion of Fortas, J.); id. at 777-79, 89 S.Ct. at 1435-37 (opinion of Douglas, J.); id. at 780-81, 89 S.Ct. at 1437 (opinion of Harlan, J.). I think Indiana Harbor II, which was begun as an adjudication by certain of the petitioners with the filing of a complaint against the railroads for their assessment of empty-repair-move charges, retained its fundamental adjudicatory character throughout.[2]
 
 
 5
 Underlying petitioners' argument that Indiana Harbor II was a rulemaking, it would appear, is the notion that an adjudicatory proceeding was an inappropriate forum for the Commission to have made a "legislative-type" judgment reversing its longstanding empty-repair-move policy. But the Supreme Court has repeatedly emphasized that the choice between rulemaking and adjudication "lies primarily in the informed discretion of the administrative agency." SEC v. Chenery Corp., 332 U.S. 194, 203, 67 S.Ct. 1575, 1580, 91 L.Ed. 1995 (1947). And when the Second Circuit Court of Appeals, in reliance on reasoning virtually identical to that subscribed to by petitioners, determined that a significant reversal in NLRB policy could not, under the circumstances, be effected through adjudication, the Supreme Court unanimously reversed, holding that the Board was "not precluded from announcing new principles in an adjudicative proceeding." NLRB v. Bell Aerospace Co., 416 U.S. 267, 294, 94 S.Ct. 1757, 1771, 40 L.Ed.2d 134 (1974) (reversing Bell Aerospace Co. v. NLRB, 475 F.2d 485 (2d Cir.1973)). While arguments no doubt can be advanced in support of limiting agencies' policymaking use of the adjudicatory form to circumstances where "legal consequences hinge upon the interpretation of statutory requirements, and where no pre-existing interpretive rule construing those requirements is in effect," Georgetown Univ. Hosp., 109 S.Ct. at 480 (Scalia, J., concurring); compare Ford Motor Co. v. FTC, 673 F.2d 1008, 1009-10 (9th Cir.1981), cert. denied, 459 U.S. 999, 103 S.Ct. 358, 74 L.Ed.2d 394 (1982), with id. at 1011-12 (Reinhardt, J., dissenting from denial of rehearing en banc ), the law of this circuit is emphatically to the contrary. See, e.g., Airmark Corp. v. FAA, 758 F.2d 685, 691-92 (D.C.Cir.1985); Hatch v. FERC, 654 F.2d 825, 837 (D.C.Cir.1981); Florida Power & Light Co. v. FERC, 617 F.2d 809, 816 (D.C.Cir.1980); Office of Communications of United Church of Christ v. FCC, 590 F.2d 1062, 1070 (D.C.Cir.1978); Chisholm v. FCC, 538 F.2d 349, 365 (D.C.Cir.), cert. denied, 429 U.S. 890, 97 S.Ct. 247, 50 L.Ed.2d 173 (1976); but cf. American Fed'n of Gov't Employees v. FLRA, 777 F.2d 751, 759 (D.C.Cir.1985) (suggesting that rule established by rulemaking procedures can be modified or altered only by rulemaking procedures). What this case really reduces to is the fairness of retroactive application of the new principle developed in Indiana Harbor II to the adjudicatory parties, a question I believe is adequately addressed in the original panel opinion.
 
 
 6
 Before WALD, Chief Judge, and ROBINSON, MIKVA, EDWARDS, RUTH B. GINSBURG, SILBERMAN, BUCKLEY, WILLIAMS, D.H. GINSBURG and SENTELLE, Circuit Judges.
 
 ORDER
 
 7
 The suggestion for rehearing en banc of petitioners and intervenors has been circulated to the full Court. No member of the Court requested the taking of a vote thereon. Upon consideration of the foregoing, it is
 
 
 8
 ORDERED, by the Court en banc, that the suggestion is denied.
 
 
 9
 WALD, Chief Judge, and BUCKLEY, Circuit Judge, did not participate in this matter.
 
 
 
 [1]
 The National Labor Relations Board appears to have followed this course in many of its adjudicatory proceedings. See, e.g., General Cable Corp., 139 N.L.R.B. 1123 (1962); Deluxe Metal Furniture Co., 121 N.L.R.B. 995 (1958)
 
 
 [2]
 It is unproductive, in most circumstances, to attempt to "classify a given proceeding as either adjudicatory or rulemaking. The line between the two is frequently a thin one and resolution of a given problem will rarely turn wholly on whether the proceeding is placed in one category or the other." City of Chicago v. FPC, 458 F.2d 731, 739 (D.C.Cir.1971), cert. denied, 405 U.S. 1074, 92 S.Ct. 1495, 31 L.Ed.2d 808 (1972). But see Hoffman-LaRoche, Inc. v. Kleindienst, 478 F.2d 1, 12-13 (3d Cir.1973) (character of proceeding--whether adjudicatory or rulemaking--viewed critical given agency's failure to follow functional separation requirements of 5 U.S.C. Sec. 554). Here, of course, the characterization of the proceeding below is important, for it bears directly on the propriety of retroactive application of the new governing principle. "[R]etroactivity is not only permissible but standard" in the adjudicatory setting, Bowen v. Georgetown Univ. Hosp., --- U.S. ----, 109 S.Ct. 468, 478, 102 L.Ed.2d 493 (1988) (Scalia, J., concurring), but it is disfavored in rulemaking. See id. 109 S.Ct. at 471